ORIGINAL

FILED

2011 JUL -8 P 1:48

E-filing

RITA M. HAEUSLER (SBN 110574)
haeusler@hugheshubbard.com
HUGHES HUBBARD AND REED LLP
350 South Grand Avenue
Los Angeles, CA 90071-3442
Telephone: (213) 613-2800
Facsimile: (213) 613-2950

Attorneys For Defendant Syncsort, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**CV 11 3366**

MEJ

| | |
|---|---|
| DEAN MARTINETTI, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>SYNCSORT, INC., a New Jersey<br>Corporation, and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.<br><br>DEFENDANT SYNCSORT INC.'S<br>NOTICE OF REMOVAL OF ACTION<br>PURSUANT TO 28 U.S.C. SECTION<br>1441(b) STATEMENT OF<br>JURISDICTION<br><br>(Diversity Jurisdiction)<br><br>Complaint Filed: June 8, 2011 |

TO THE CLERK OF THE DISTRICT COURT FOR THE NORTHERN
DISTRICT OF CALIFORNIA AND TO PLAINTIFF DEAN MARTINETTI:

NOTICE IS HEREBY GIVEN that Syncsort, Inc. ("Syncsort") Defendant in

the captioned action ("Defendant"), Contra Costa Superior Court Case No. C-11-01322

hereby files in the United States District Court for the Northern District of California, a

Notice of Removal of said action to said United States District Court, pursuant to 28 U.S.

C. §1441(b) because this is a diversity action over which this Court has original

jurisdiction under 28 U.S.C. § 1332.

1.    On June 8, 2011 Plaintiff Dean Martinetti ("Plaintiff") commenced

this action against Syncsort by filing a Complaint ("Complaint") in the Superior Court of

1    the State of California for the County of Contra Costa, titled *Dean Martinetti v. Syncsort,*

2    *Inc.* Case No. C-11-01322 ("the/this action")

3         2.   On June 10, 2011, Plaintiff's Counsel faxed a copy of the Complaint

4    and related papers to Syncsort as attached hereto as Exhibit "A".

5         3.   The Summons and Complaint have not yet been served.

6         4.   No further proceedings have been had in the state court action.

7         5.   This action involves allegations that Syncsort allegedly breached a

8    contract relating to compensation, breached the covenant of good faith and fair dealing,

9    wrongfully terminated plaintiff, and violated California statutes.

10        6.   As more fully set forth below, this case is properly removed to this

11   Court pursuant to 28 U.S.C. § 1441(b) because Syncsort has satisfied the procedural

12   requirements for removal and this Court has subject matter jurisdiction over this action

13   pursuant to 28 U.S.C. § 1332.

14   **I.   SYNCSORT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

15

16        7.   Syncsort has not yet been served with the Complaint in the action.

17   The Notice is therefore timely under 28 U.S.C. § 1446(b).  A true and correct copy of the

18   Complaint in the action is attached hereto as Exhibit "A."

19        8.   Venue is proper in this Court pursuant to 28 U.S.C. § 84(a) because it

20   is the "district and division embracing the place where such action is pending." *See* 28

21   U.S.C. § 1441(a).

22        9.   No previous request has been made for the relief requested herein.

23        10.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is

24   being served on counsel for Plaintiff and a copy is being filed with the Clerk of the Court

25   for the Superior Court of the State of California for the County of Contra Costa.

26

27

28

-2-

## II.  REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A.  The Amount in Controversy Requirement is Satisfied.

12.     It is apparent from the face of the Complaint that Plaintiffs seek recovery of an amount in excess of $75,000, exclusive of costs and interest.  The complaint states that plaintiff seeks to recover $530,000 on the First Cause of Action, and an amount in excess of $770,000 on the Second, Third and Fourth Causes of Action.

### B.  There is Complete Diversity of Citizenship.

13.     There is complete diversity between the parties.

14.     At the time of the filing of this action, Syncsort was, and presently is, a corporation organized under the laws of the State of New Jersey, with its principal place of business in New Jersey.  Syncsort's principal offices are located at 50 Tice Boulevard, Woodcliff Lake, New Jersey, the majority of Syncsort's U.S. employees work in New Jersey, and Syncsort's engineering, development, customer service, finance and administration functions are located in New Jersey.  While Syncsort sells to customers throughout the United States, the majority of the sales employees work in New Jersey and no one state is the site of the majority of the sales.  Therefore, Syncsort is a citizen of the State of New Jersey, and is not citizen of California for the purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

15.     Defendants Does 1-10 have been sued under fictitious names.  For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a).

16.     The complaint alleges that Mr. Martinetti at all material times resided in Contra Costa County, Syncsort's employment records show that Mr. Martinetti resided at 49 Muth Drive, Orinda, CA 94563 during the term of his employment and an address

-3-

1  check on July 7, 2011 confirmed he continues to reside at 49 Muth Drive, Orinda, CA

2  94563. Therefore, plaintiff is a citizen of California for purposes of determining diversity.

3        17.    No admission of fact, law, liability or damages is intended by this

4  Notice of Removal, and all defenses, affirmative defenses, objections and motions are

5  hereby reserved.

6

7        WHEREFORE, Defendant Syncsort respectfully removes this action from

8  the Superior Court of the State of California for the County of Contra Costa, bearing Case

9  Number C-11-01322 to this Court pursuant to 28 U.S.C. § 1441(b)

10

11  DATED: July 7, 2011          HUGHES HUBBARD & REED LLP

12

13             By: _Rita M. Haeusler_____

14                  Rita M. Haeusler
                Attorneys for Defendant
                Syncsort, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

# EXHIBIT A

9259373905

10:09:14 a.m. 06-10-2011 1/24



## THE VENARDI LAW FIRM
## TRIAL ATTORNEY

The Venardi Law Firm
2033 North Main St. Suite 750
Walnut Creek, CA 94596
OFF: 925-937-3900
FAX: 925-937-3905
www.vefirm.com

# Fax Cover Sheet

| Send to: | Syncsort, Inc. | From: | Zulema Collazo (for) Mark L. Venardi |
|---|---|---|---|
| Attention: | Stephan Loyka | Office location: | |
| Office location: | 50 Tice Blvd. Woodcliff, New Jersey | Date: | June 8, 2011 |
| Fax number: | (201) 930-82-**22** | Phone number: | (201) 930-9700 |

| **X** URGENT | **X** REVIEW | **X** PLEASE COMMENT | **X** PLEASE REPLY | **X** FOR YOUR INFORMATION |
|---|---|---|---|---|

Total pages, including cover: **24**

Comments:

Dear Mr. Loyka:

Attached please find a filed stamped Complaint, Summons, Civil Case Cover Sheet, CMC hearing, CMC blank Statement, ADR package information. The complaint was filed on June 8, 2011 with the Superior Court of California in the County of Contra Costa.

Thank you,

Zulema Collazo
Secretary to Mark L. Venardi

9259373905

10:09:28 a.m. 06-10-2011 2/24

1  Mark L. Venardi (SBN 173140)
2  Tanya P. Tambling (SBN 262979)
   THE VENARDI LAW FIRM
3  2033 North Main Street, Suite 750
   Two Ygnacio Center
4  Walnut Creek, California 94596
   Telephone: (925) 937-3900
5  Facsimile: (925) 937-3905

6  Attorneys for Plaintiff
7  DEAN MARTINETTI

FILED

2011 JUN -8 A 11: 36

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.

BY: _____ J. MYOVICH, DEPUTY CLERK

8
9            SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                   COUNTY OF CONTRA COSTA
11                    UNLIMITED JURISDICTION

12  DEAN MARTINETTI, an individual,        CASE NO.:  **C₋11-01322**

13                  Plaintiff,             **COMPLAINT FOR DAMAGES FOR
                                           BREACH OF CONTRACT;**
14        vs.                              **WRONGFUL TERMINATION OF
                                           EMPLOYMENT; LABOR CODE**
15                                         **VIOLATIONS; OTHER**
    SYNCSORT, INC. a New Jersey            **EMPLOYMENT-RELATED CLAIMS**
16  Corporation, and DOES 1-10, inclusive,
                                           **DEMAND FOR JURY TRIAL**
17
18                  Defendants.
                                           SUMMONS ISSUED **BY FAX**
19
20
21  Plaintiff DEAN MARTINETTI hereby submits his Complaint as follows:

                    **PARTIES AND JURISDICTION**
22
23        1.    Plaintiff Dean Martinetti ("Mr. Martinetti") at all times material hereto,

24  resided in Contra Costa County. At pertinent times herein, Mr. Martinetti was

25  employed by Defendant Syncsort, Inc. ("Syncsort"), in Contra Costa County,

26  California.

        2.    Syncsort is a New Jersey Corporation that conducts business within this
27
28  state and within Contra Costa County.

        3.    Mr. Martineti is ignorant of the true names and capacities of Defendants

THE VENARDI LAW FIRM
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

-1-

COMPLAINT- *MARTINETTI V. SYNCSORT*                    CASE NO.

1  sued herein as "Doe 1 through 10, inclusive" and therefore sues these Defendants by

2  such fictitious names. Mr. Martinetti will amend this Complaint to allege their true

3  names and capacities when ascertained. Mr. Martinetti is informed and believes, and

4  on the basis of such information and belief alleges, that each of the fictitiously named

5  Defendants is responsible in some manner for some or all of the occurrences alleged in

6  this Complaint and that Mr. Martinetti's damages as herein alleged were proximately

7  caused by such Defendants.

8              **FACTS COMMON TO ALL CAUSES OF ACTION**

9      4.      Defendant Syncsort is a software company that employs software sales

10  employees throughout the United States.

11     5.      Matt Dowling ("Mr. Dowling") was Syncsort's Vice President – Worldwide

12  Alliances at all times pertinent to this complaint.

13     6.      Mr. Dowling extended an offer of employment to Mr. Martinetti on

14  September 9, 2008.

15     7.      Mr. Martinetti accepted the offer and was hired by Syncsort as a Senior

16  OEM Account Executive effective October 1, 2008. Syncsort, in part, compensates its

17  sales employees pursuant to a compensation plan that includes commissions.

18     8.      The compensation plan is a written contract between Syncsort and its

19  employees.

20     9.      Mr. Dowling drafted a 2009 compensation plan ("2009 Compensation

21  Plan") for Mr. Martinetti that became effective as of January 1, 2009. *The 2009*

22  *Compensation Plan is attached hereto as Exhibit 1.* The 2009 Compensation Plan set

23  forth the terms and conditions of Mr. Martinetti's commission structure, which

24  accounted for a significant portion of Mr. Martinetti's potential compensation.

25     10.     Mr. Dowling drafted the 2009 Compensation Plan with the intent that

26  Mr. Martinetti would receive commissions on all original equipment ("OEM") license

27  revenue pursuant to the structure set forth in the compensation plan. Mr. Dowling

28  gained approval from Syncsort's CFO and CEO to procede forward with the

THE VENARDI LAW FIRM
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

- 2 -

COMPLAINT- *MARTINETTI V. SYNCSORT*                                    CASE NO.

9259373905

1   compensation plan for all Syncsort OEM revenue credit.

2       11.   Mr. Martinetti agreed to the 2009 Compensation Plan with the

3 understanding and intent that Syncsort would pay him commissions on all OEM

4 license revenue pursuant to the structure set forth in the compensation plan

5 regardless of whether the OEM license revenue was the result of a renewal, extension,

6 or new license.

7       12.   Mr. Martinetti continued in employment with Syncsort in consideration

8 for the commissions set forth in the 2009 Compensation Plan.

9       13.   Mr. Martinetti made extraordinary efforts to make sales to potential

10 customers, and enter into new or materially different agreements to Syncsort's benefit

11 with existing customers in consideration for the commissions set forth in the 2009

12 Compensation Plan.

13       14.   During the entire 2009 calendar year, Mr. Martinetti worked tirelessly,

14 and for the benefit of Syncsort, to close a huge OEM license deal with BMC Software,

15 Inc. ("BMC Deal"). The BMC Deal was one of the best and largest contracts that

16 Syncsort had ever had the benefit of receiving. Mr. Martinetti was the sales person

17 responsible for the BMC Deal and Syncsort was obligated to pay him commissions on

18 the BMC Deal pursuant to the 2009 Compensation Plan. The Synsort CFO and CEO

19 approved the new terms for the BMC deal which superseded the existing terms of the

20 BMC Contract by way of an Addendum for an extended time period and a substantial

21 amount of increased revenue for Syncsort beyond the previous contract.

22       15.   Between November, 2009 and August 15, 2010, the date when Syncsort

23 terminated Mr. Martinetti, Mr. Martinetti repeatedly requested and demanded that

24 Syncsort pay to him the commissions owed to him pursuant to the 2009 Compensation

25 Plan and pursuant to the California Labor Code.

26       16.   Between November 2009 and April 2010, the date Syncsort terminated

27 Mr. Dowling, Mr. Dowling also repeatedly demanded that Syncsort pay to Mr.

28 Martinetti the commissions owed to Mr. Martinetti pursuant to the 2009

THE VENARDI LAW FIRM
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

-3-

THE VENARDI LAW FIRM
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

1  Compensation Plan. Mr. Dowling informed the CEO, the CFO, and the Chairman of

2  Syncsort's Board of Directors that Syncsort was obligated to pay Mr. Martinetti all of

3  the commissions related to the BMC Deal pursuant to the commission schedule set

4  forth in the 2009 Compensation Plan.

5       17.   Syncsort became greedy and refused to pay Mr. Martinetti the

6  commissions it owed him. Syncsort betrayed Mr. Martinetti, refused to honor its

7  promises, breached its contract with Mr. Martinetti, and violated California law. Mr.

8  Martinetti insisted on being paid the commissions owed to him pursuant to California

9  Law. Syncsort tired of his insistence that they act lawfully. Instead of paying him the

10  wages owed to him, Syncsort terminated Mr. Martinetti's employment.

11       18.   Syncsort not only unlawfully and pretexutally terminated Mr. Martinetti,

12  but it lied to him. Syncsort told him his position was being eliminated, when in fact

13  Syncsort hired others to perform Mr. Martinetti's job.

### FIRST CAUSE OF ACTION

### (Breach of Contract)

16       19.   Mr. Martinetti repeats and re-alleges each and every averment contained

17  in Paragraphs 1 through 18 above as if set forth here in full.

18       20.   Syncsort and Mr. Martinetti entered into a written contract referred to

19  herein at the 2009 Compensation Plan, that set forth a binding commission schedule.

20  Good and valuable consideration was given by Syncsort and Mr. Martinetti. Mr.

21  Martinetti fully performed under the agreement. Syncsort breached the 2009

22  Compensation Plan with Mr. Martinetti when it, without justification or excuse, failed

23  to pay him the commissions owed to him as set forth by the commission schedule in

24  the 2009 Compensation Plan.

25       21.   As a proximate result of breach of contract actions against Plaintiff, as

26  alleged herein, Plaintiff has suffered and continues to suffer damages, in an amount

27  that exceeds $530,000.

28       WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

-4-

9259373905

THE VENARDI LAW FIRM
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

## SECOND CAUSE OF ACTION

### (Breach of the Covenant of Good Faith & Fair Dealing)

22. Mr. Martinetti repeats and re-alleges each and every averment contained in Paragraphs 1 through 21 above as if set forth here in full.

23. By failing to administer and apply its contract in good faith, and terminating his employment in order to avoid its contractual obligation to pay commissions, Syncsort breached the implied covenant of good faith and fair dealing with respect to Mr. Martinetti's employment contract, and the 2009 Compensation Plan.

24. As a proximate result of Defendants' unlawful actions against Plaintiff, as alleged herein, Plaintiff has suffered and continues to suffer damages, in the amount of approximately $530,000 for commissions owed, and in an amount in excess of $240,000 per year from September 15, 2010 until Mr. Martinetti is able to find replacement employment and benefits.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

25. Mr. Martinetti repeats and re-alleges each and every averment contained in Paragraphs 1 through 24 above as if set forth here in full.

26. Syncsort violated fundamental public policies of the State of California when it terminated Mr. Martinetti because he complained that Syncsort failed and refused to pay him wages due as required by the law.

27. The prompt payment of wages earned by an employee is deemed a fundamental policy of the State of California. *Gould v. Maryland Sound Industries, Inc.* (1995) 31 CA4th 1137, 1147. Prompt payment of wages due an employee as required by Labor Code § 216(a), is a fundamental public policy that serves the interest of the public at large, not merely the interest of the employee to whom the wages are due. *Id.* Per California Labor Code §200(a): "Wages" includes all amounts

-5-

1  for labor performed by employees of every description, whether the amount is fixed or

2  ascertained by the standard of time, task, piece, commission basis, or other method of

3  calculation."

4      28.    Terminating Mr. Martinetti because he repeatedly complained about

5  Syncsort's failure to pay wages when due, and his insistence that it follow California

6  law was a violation of public policy embodied under the California law as set forth

7  above.

8      29.    As a proximate result of Defendants' unlawful actions against Plaintiff as

9  alleged herein, Plaintiff has suffered and continues to suffer damages, in the amount

10  of approximately $530,000 for commissions owed, and in an amount in excess of

11  $240,000 per year from September 15, 2010 until Mr. Martinetti is able to find

12  replacement employment and benefits.

13      30.    Defendants committed the acts alleged herein maliciously, fraudulently

14  and oppressively, with the wrongful intention of injuring Plaintiff, from an improper

15  and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.

16      WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

17  <u>**FOURTH CAUSE OF ACTION**</u>

18  **(Retaliation in Violation of Cal. Labor Code § 1102.5)**

19      31.    Plaintiff hereby incorporates and re-alleges all of the averments of

20  paragraphs 1 through 30 above as if fully set forth herein.

21      32.    In or around November, 2009 and through September 15, 2010, Plaintiff

22  complained that Syncsort was not paying him his wages as due under California law.

23      33.    Plaintiff reasonably believed that Syncsort's failure to pay wages was

24  unlawful and refused to participate in condoning, accepting, ratifying, or approving

25  Syncsort's refusal to pay wages.

26      34.    Syncsort terminated Mr. Martinetti in retaliation for his refusal to

27  participate, approve and condone the illegal activity described above.

28      35.    Syncsort's retaliatory acts are in direct violation of Cal. Labor Code §

THE VENARDI LAW FIRM
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

-6-

1   1102.5(c), which provides that "An employer may not retaliate against an employee for

2   refusing to participate in an activity that would result in a violation of state or federal

3   statute, or a violation or noncompliance with a state of federal rule or regulation."

4        36.    As a proximate result of Defendants' discriminatory actions against

5   Plaintiff, as alleged herein, Plaintiff has suffered and continues to suffer damages, in

6   the amount of approximately $530,000 for commissions owed, and in an amount in

7   excess of $240,000 per year from September 15, 2010 until Mr. Martinetti is able to

8   find replacement employment and benefits.

9        WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

10                        **FIFTH CAUSE OF ACTION**

11            **(Waiting Time Penalties for Failure to Pay Wages When Due)**

12       37.    Plaintiff hereby incorporates and re-alleges all of the averments of

13   paragraphs 1 through 36 above as if fully set forth herein.

14       38.    At all relevant times, Defendant willfully failed to pay to Plaintiff his

15   wages at the time of his termination for more than one month thereafter in violation of

16   California Labor Code Section 201 entitling Plaintiff to recover waiting time penalties

17   equal to up to thirty days of payment, pursuant to Labor Code § 203.

18                          **PRAYER FOR RELIEF**

19       WHEREFORE, Plaintiff Dean Martinetti prays judgment to be entered in his

20   favor and against Syncsort, as follows:

21       1.    On all claims asserted against Syncsort, for compensatory and special

22   damages according to proof and as allowed by law;

23       2.    For exemplary and punitive damages according to proof;

24       3.    For costs, interest and reasonable attorneys' fees pursuant to

25   Government Code § 12965(b), Labor Code § 218.5, and where may otherwise be

26   authorized by law;

27       4.    For such other legal and equitable relief as is just and proper.

28

THE VENARDI LAW FIRM
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

-7-

1   Dated:  June 6, 2011                              THE VENARDI FIRM

2

3

4                                                     _____

5                                                     Mark L. Venardi
                                                      Attorneys for Plaintiff
6                                                     DEAN MARTINETTI

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT- *MARTINETTI V. SYNCSORT*                                    CASE NO.

THE VENARDI LAW FIRM
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: June 6, 2011

THE VENARDI FIRM

Mark L. Venardi
Attorneys for Plaintiff
DEAN MARTINETTI

THE VENARDI LAW FIRM
2033 North Main Street, Suite 750
Walnut Creek, CA 94596
Tel: (925) 937-3900
Fax: (925) 937-3905

- 9 -

9259373905

10:12:54 a.m.   06-10-2011   11 / 24

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SINGPORT, INC. a New Jersey Corporation, and Does 1-10 inclusive

FILED

2011 JUN -8 A 11: 35

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.

BY: J. MYOVICH, DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DEAN MARTINETTI, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* CIV11-01322 |

Superior Court of California-Contra Costa County
725 Court Street
Martinez, CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark L. Venardi, Esq. & Tanya P. Tambling, Esq.   (925) 937-3900   (925) 937-3905
The Venardi Law Firm
2033 N. Main Street, Suite 750, Walnut Creek, CA. 94596

| | | | |
|---|---|---|---|
| DATE: *(Fecha)*: JUN - 8 2011 | Clerk, by *(Secretario)* J. Myovich | , Deputy *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

9259373905                                          10:13:35 a.m.   06-10-2011   12/24

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Mark L. Venardi, Esq. (SBN 173140)
Tanya P. Tambling, Esq. (SBN 262979)
The Venardi Law Firm
2013 N. Main Street, Suite 750
Walnut Creek, CA 94596
TELEPHONE NO.: (925) 937-3900  FAX NO.: (925) 937-3905
ATTORNEY FOR (Name): Plaintiff, Dean Martinetti

**FILED**

2011 JUN -8 A II 36

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
By:
J. MYOVICH, DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

CASE NAME: Dean Martinetti v. Syncsort, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | C11-01322 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): 5
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: June 7, 2011
Mark L. Venardi, Esq. (SBN 173140)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**BY FAX**

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction*)
    Contract/Warranty Breach—Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book account) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

9259373905

10:15:05 a.m.  06-10-2011  14/24

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

MARTINETTI VS SYNCSORT, INC

NOTICE OF CASE MANAGEMENT CONFERENCE          CIVMSC11-01322

1. NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 10/26/11     DEPT: 09     TIME:  8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES. ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2. You may stipulate to an earlier Case Management Conference. If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3. You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4. At any Case Management Conference the court may make pretrial
orders including the following:

   a. an order establishing a discovery schedule
   b. an order referring the case to arbitration
   c. an order transferring the case to limited jurisdiction
   d. an order dismissing fictitious defendants
   e. an order scheduling exchange of expert witness information
   f. an order setting subsequent conference and the trial date
   g. an order consolidating cases
   h. an order severing trial of cross-complaints or bifurcating
      issues
   i. an order determining when demurrers and motions will be filed

SANCTIONS

If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

   Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated: 06/08/11          _____

                              J. MYOVICH, Deputy Clerk

**Superior Court of California, County of Contra Costa**

## NOTICE TO DEFENDANTS

### In Unlimited Jurisdiction Civil Actions

YOU ARE BEING SUED. The packet you have been served should contain:

    a.   The Summons

    b.   The Complaint

    c.   The Notice of Case Management (shows hearing date and time)

    d.   Blank Case Management Statement (Judicial Council Form CM-110)

    e.   Blank Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

    f.   Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c)

---

 **WHAT DO I DO NOW?** ◄

You must:

1. **Prepare your response**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of response you can prepare.

2. **Complete the** *Case Management Statement* **(CM-110)**

3. **File and serve your court papers on time**   Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**   by having your server complete a *Proof of Service*, *(Judicial Council form POS-040)*, that must be filed at the court within 60 days.

5. **Go to court on the date and time given in the** *Notice of Case Management Conference*.

6. **Consider trying to settle your case before trial**   If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.

---

**COURT FEES:** You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at www.courtinfo.ca.gov/forms/

CV-655d/Rev. 11/05/2007

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an <u>ANSWER</u>.

2. If you have a claim in the same case against the plaintiff, you may file a <u>CROSS-COMPLAINT</u>.

3. If you want to ask the court to do something on your behalf, you may file a <u>MOTION</u> *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

For complaints that are NOT verified:

Use Judicial Council form PLD-050 -- General Denial

For complaints that ARE verified:

    a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do <u>not</u> check number 2).

    b. For contract claims, use Judicial Council PLD-C-010 (do <u>not</u> check number 3a).

    c. Be sure to deny <u>every</u> claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

NOTE: The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.

    a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.

    b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. <u>Demurrer</u>  *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed)*;
2. <u>Motion to Strike</u>  *(the complaint is unclear; does not follow the law, "doesn't matter", etc.)*;
3. <u>Motion to Transfer</u> *(the complaint is in the wrong court or there's a more appropriate court)*;
4. <u>Motion to Quash Service of Summons</u>  *(you were not legally served)*;
5. <u>Motion to Stay</u>  *(put the case on hold)*; or
6. <u>Motion to Dismiss</u> *(stops the case)*.

    NOTE: Motions are very complicated and you may want to hire a lawyer to help you.

## WHERE CAN I GET MORE HELP?

- Lawyer Referral Service:  (925) 825-5700
- Bay Area Legal Aid:  (800) 551-5554
- Contra Costa County Law Library    Martinez: (925) 646- 2783    Richmond: (510) 374-3019
- Ask the Law Librarian:  www.247ref.org/portal/access_law3.cfm

CV-653d/Rev. 11/05/2007

9259373905

10:16:37 a.m.   06-10-2011   17 /24

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

Plaintiff(s) / Cross Plaintiff(s)

vs.

**ADR Case Management Stipulation and Order**
*(Unlimited Jurisdiction Civil Cases)*

Defendant(s) / Cross Defendant(s)

**CASE NO.:**

ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST SUBMIT THIS ORDER FOR THE JUDGE'S SIGNATURE AND FILE THE FORM AT LEAST 15 DAYS BEFORE THE CASE MANAGEMENT CONFERENCE. (NOT AVAILABLE IN COMPLEX LITIGATION CASES.) PARTIES MUST ALSO SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE: FAX: (925) 957-5689. MAIL: P.O. BOX 911, MARTINEZ, CA 94553.

Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:

1. **Selection and scheduling for Alternative Dispute Resolution (ADR):**
   a. ☐ The parties have agreed to ADR as follows:
      i. ☐ Mediation. (☐ Court-connected  ☐ Private)
      ii. ☐ Arbitration (☐ Judicial Arbitration (non-binding)  ☐ Private (non-binding)  ☐ Private (binding))
      iii. ☐ Neutral case evaluation
   b. The ADR neutral shall be selected by (date): _____ (no more than 14 days after filing this form)
   c. ADR shall be completed by (date): _____ (no more than 90 days after filing this form)

2. **The parties will complete the following discovery plan:**
   a. ☐ Written discovery.  (☐ Additional page(s) attached)
      i. ☐ Interrogatories to: _____
      ii. ☐ Request for Production of Documents to: _____
      iii. ☐ Request for Admissions to: _____
      iv. ☐ _____
      v. ☐ Independent Medical Evaluation of: _____
      vi. ☐ Other: _____
   b. ☐ Deposition of the following parties or witnesses:  (☐ Additional page(s) attached)
      i. _____
      ii. _____
      iii. _____
   c. ☐ No Pre-ADR discovery needed

3. The parties also agree: _____

4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Appendix C, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
|---|---|---|---|
| Signature | | Signature | |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, IT IS SO ORDERED that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____) Plaintiff/Plaintiff's counsel must notify all parties of the new case management conference.

Dated: _____

_____
**Judge of the Superior Court**

CV-655b/Rev. 12/2005

Local Court Rules, Rule 5 (h)(1)(x)(B)

9259373905

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:     FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one): ☐ UNLIMITED CASE ☐ LIMITED CASE<br>(Amount demanded (Amount demanded is $25,000<br>exceeds $25,000) or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:     Time:     Dept.:     Div.:     Room:

Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint (Describe, including causes of action):

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 (Rev. January 1, 2009)

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

9259373905                                          10:17:55 a.m.    06-10-2011    19/24

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. (If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date (indicate source and amount), estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)

☐ (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. (If more than one party, provide the name of each party requesting a jury trial):

6. **Trial date**
a. ☐ The trial has been set for (date):
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if not, explain):

Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

7. **Estimated length of trial**
The party or parties estimate that the trial will take (check one):
a. ☐ days (specify number):
b. ☐ hours (short causes) (specify):

8. **Trial representation** (to be answered for each party)
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference (specify code section):

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by (date):
c. ☐ The case has gone to an ADR process (indicate status):

CM-110 [Rev. January 1, 2009]          **CASE MANAGEMENT STATEMENT**          Page 2 of 4

9259373905

10:19:02 a.m.   06-10-2011   20/24

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in (check all that apply):

   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other (specify):

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

11. **Settlement conference**
   ☐ The party or parties are willing to participate in an early settlement conference (specify when):

12. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement (name):
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case (explain):

13. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy   ☐ Other (specify):
   Status:

14. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

15. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

16. **Other motions**
   ☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

9259373905

10:19:36 a.m.   06-10-2011   21 /24

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated (specify):

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following

**21. Total number of pages attached (if any):**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     _____
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY)

_____     _____
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (CM-110)*;
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Call (925) 957-5787, or go to www.cc-courts.org/adr

### MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

CV 855/Rev. 11/05/2007

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1286.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

CV-655c/Rev. 11/05/2007

1

## DECLARATION OF SERVICE BY MAIL

2          The undersigned declares:

3          I am, and was at all times herein mentioned, a citizen of the United States, a

4    resident of the County of Los Angeles, over the age of 18 years and not a party to this

5    action or proceeding.  My business address is 350 South Grand Avenue, 36th Floor,

6    Los Angeles, California  90071-3442.  I am employed in the office of a member of the

7    bar of this Court, at whose direction the service described herein was made.

8          I am readily familiar with the business practice at my place of business for

9    collection and processing of correspondence for mailing with the U.S. Postal Service.

10   Correspondence so collected and processed is deposited with the U.S. Postal Service that

11   same day in the ordinary course of business.  On July 8, 2011, at my place of business, I

12   placed true and correct copies of the foregoing **DEFENDANT SYNCSORT INC.'S**

13   **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTION**

14   **1441(B) STATEMENT OF JURISDICTION** for collection and mailing on that date

15   with the U.S. Postal Service, following ordinary business practice, in sealed envelopes,

16   with postage fully prepaid, addressed as follows:

17   Mark L. Venardi, Esq.
18   Tanya P. Tambling, Esq.
     THE VENARDI LAW FIRM
19   2033 North Main Street, Suite 750
20   Walnut Creek, CA  94596

21         I declare under penalty of perjury under the laws of the United States of America

22   that the foregoing is true and correct.  Executed in Los Angeles, California, this 8th day of

23   July 2011.

24                                              Catherine Ryan

25                                                   Catherine Ryan

26

27

28